UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY LEE FRANKLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12143** |
| **DONNIE BORDELON, ET AL.** | **SECTION "M"(4)** |

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Terry Lee Franklin ("Franklin"), is incarcerated in the Raymond Laborde Correctional Center ("RLCC"), in Cottonport, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, Donnie Bordelon, Ashley C. Firmin, Troy Porte, Layra Desselle, Jude Pitre, and Diane Williams, all identified as correctional officers at RLCC.[1] The plaintiff alleges that he has money missing from his prison inmate account and that two of the defendants, Bordelon and Firmin, are on his PREA list at the prison. He also submitted an application to proceed *in forma pauperis*.[2]

### I.  Venue Provisions

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 4. The Court will defer ruling on the pauper status to the receiving court.

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

## II. Discussion

The plaintiff claims that his cause of action arose in and the defendants are employed at RLCC in Cottonport, Louisiana, which is within the geographical boundaries of Avoyelles Parish and the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The plaintiff does not allege that the defendants reside or are located within this district. The interest of justice dictates that venue is proper in the Western District of Louisiana.

## III. Recommendation

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

It is further **RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* (Rec. Doc. No. 4) is **DEFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

        New Orleans, Louisiana, this 5th day of September 2019.

                                       **KAREN WELLS ROBY**
                            **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.